H. V. BARTH, W. W. WHITSON, ARTHUR MILLER, S. E. HALL, M. J. MERRICK AND ROWLEY MILLER, DIRECTORS AND TRUSTEES IN LIQUIDATION OF SWEETHEART BREAD CO., ET AL., PLAINTIFFS AND RESPONDENTS, v. MONTANA STATE BOARD OF EQUALIZATION OF THE STATE OF MONTANA ET AL., DEFENDANTS AND APPELLANTS.

No. 11111.
Submitted October 3, 1966. Decided October 26, 1966.
419 P.2d 484.

260

William A. Douglas (argued), Helena, for appellants.

Crowley, Kilbourne, Haughey, Hanson & Gallagher, Myles J. Thomas, Jr. (argued), Billings, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a summary judgment holding that the plaintiffs-respondents are entitled to recover $17,955.17 as a refund of Montana corporation license taxes paid.

The plaintiffs-respondents are directors and trustees in liquidation of the Sweetheart Bread Company, a liquidated corporation. The Sweetheart Bread Company will be referred to simply as Sweetheart. The defendants-appellants are the Montana State Board of Equalization and its members and will be referred to as the Board.

The facts in this case are not in dispute and may be summarized in this manner.

In May 1962, the stockholders of Sweetheart adopted a plan of liquidation for the corporation pursuant to the provisions of section 337, Internal Revenue Codes, 1954. The corporate assets were sold, and the corporation was dissolved. From the sale Sweetheart realized a profit. In March 1963, Sweetheart filed an original and amended corporation license tax return for the year 1962. A corporate license tax was paid in the amount of $18,913.00 of which amount $17,955.17 was paid as a tax due on the profits realized by the company from the sale of its assets.

In September 1963, a second amended return was filed by Sweetheart which showed a liability of $957.83 for the 1962 Montana corporation license taxes and which claimed a refund of $17,955.17.

The issue presented is whether the respondents are entitled to a refund of that portion of the corporate license tax which was paid upon the gain realized by Sweetheart in the sale of its assets in liquidation.

This issue can be decided by reference to several sections of Montana law and by reference to section 337, I.R.C.1954.

Section 84-1501, R.C.M.1947, provides in part: "* * * Every corporation * * * organized and existing under the laws of the state of Montana and engaged in business therein, shall annually pay to the state treasurer, as a license fee for carrying on business in said state of Montana, such percentage or percentages of total net income received by such corporation * * * as hereinafter set forth * * *."

Section 84-1504, R.C.M.1947, provides in part: "* * * The term gross income means the income from all sources within the state of Montana recognized in the determination of the corporation's federal income tax liability. * * * The term 'net income' means the gross income of the corporation less the allowable deductions."

Section 84-1511, R.C.M.1947, provides in part: "* * * every corporation which shall be dissolved or cease to do business in Montana at any time during any year, shall before such dissolution or cessation of business, make a return and pay the corporation license tax determined on the basis of its net income for the final period in which it did business in this state at the rate provided in section 84-1501 * * *."

Thus, when Sweetheart dissolved, it had to pay a Montana corporation license tax, and this tax was to be based upon its "net income." Section 84-1504 defines "net income" in terms of gross income and refers to federal law for a definition of gross income.

Under section 337, I.R.C.1954, the gain realized by Sweetheart in its liquidation sale was not recognized for income tax purposes. Therefore, the gain realized upon the sale is not recognized for Montana corporation license tax purposes.

The Board argues that section 84-1501.3 applies, but this is incorrect for that section deals with the shifting of tax to be paid from corporation to shareholders. The tax involved here is the corporation's license tax. There is no shifting of the tax to be paid from the corporation to the shareholders involved at all. In addition, Sweetheart was not a corporation covered by the "small business act" as contained in sections 84-1501.1 and 84-1501.2.

Further, we are unable to agree with the Board's contention that section 84-1501.3 denotes an intent on the part of the legislature to tax liquidating corporations in situations similar to the case at bar. To reach that conclusion, we would have to distort the plain meaning of the words used by the legislature. This argument is without merit.

The judgment appealed from is affirmed.

MR. JUSTICES JOHN CONWAY HARRISON, ADAIR, DOYLE and CASTLES concur.