TERRITORY OF MONTANA, respondent, *v.* DRENNAN, appellant.

ASSAULT WITH DEADLY WEAPON — *defense.* On the trial of a party indicted for an assault with a deadly weapon, with intent to inflict upon D. a bodily injury, it is not a defense, nor a part of the *res gestæ*, that D., before the assault was committed, had wrongfully deprived defendant of the use of water, and thereby prevented him from working his mining ground.

*Appeal from the Second District, Deer Lodge County.*

DRENNAN was tried in May, 1868, in the second district, upon an indictment for an assault with intent to inflict upon Patrick Dalton a bodily injury. He was convicted in the

district court, WILLISTON, J., to whose rulings, upon the admission of evidence, the defendant filed exceptions, which are contained in the opinion of the court.

J. A. JOHNSTON, for appellant.

Defendant had a right to show that he was possessing and using the water and mining claim, at the time of the assault committed upon Dalton, in mitigation of the offense. *People* v. *Payne*, 8 Cal. 341; *People* v. *Costello*, 15 id. 350.

W. J. STEPHENS, district attorney, second district, for respondent.

No brief on file.

KNOWLES, J. Michael Drennan, the above-named defendant, was indicted for the crime of assaulting, with intent to do great bodily injury, on Patrick Dalton, and was tried and convicted of the same. The only error complained of by the defendant is the refusal of the court to admit, on the trial, the evidence set forth in the following exceptions, to wit:

"Be it remembered that on the trial of this cause, the defendant, Michael Drennan, introduced as a witness in his behalf one John Stoner, by whom he proposed to prove that the defendant was owner of a mining claim in Washington gulch, in Deer Lodge county; and that he was at work mining on the same at the time of the commission of the alleged assault; and that he was using the natural water of said gulch for the purpose of working his said claim; and that Peter Dalton, upon whom said assault was alleged to have been committed, without any right so to do, shut off the water of said gulch, out of and away from the same, so that this defendant was deprived of the use of the same, and thereby prevented from working on his said claim; which said testimony of John Stoner was proposed to the court by the defendant, to be corroborated by a number of competent witnesses. The attorneys for the prosecution objected; which said objection was, by the court, sustained; to which said ruling of the court the

counsel for the defendant then and there objected, and ask that this, their bill of exceptions, be signed and made a part of the record."

The only grounds upon which such testimony would be admissible are: 1. That it was a defense to the charge in the indictment; or, 2. That it was a part of the *res gestæ.*

Should it have been admitted as a defense? It is true that when a party is in the act of committing a forcible trespass upon the person of another, or property of which he is in possession, force may be used by the assailed sufficient to repel the trespass. But it does not appear, from the testimony offered, that Patrick Dalton was in the act of committing a trespass upon the property of the defendant, of which at the time he was in possession, and that, to repel this trespass, he was compelled to use the force he did. The evidence goes to show that Dalton had already shut off the water from the defendant's claim, and deprived him of the use of it, when he sought to redress his grievance by shooting Dalton. It certainly does not appear that the defendant did this shooting in repelling a forcible trespass upon his property, of which he was in the actual possession, which Dalton was at the time in the act of committing. If the defendant had offered to prove such facts, they would certainly have been admissible. The fact that the defendant, while he was in possession of, and working his mining claim, shot Dalton because he had shut off the supply of water in the gulch, which the defendant may have been entitled to, is surely no justification of the offense charged in the indictment.

Were the facts set forth in the exception a part of the *res gestæ?* What defense of the defendant do they explain or elucidate? There is none presented to us in the record. We have already seen that they are no defense. How do they present the principal act, namely, the shooting, in a favorable light? It is not apparent to us. These facts might have been, perhaps, introduced by the prosecution, to show malice, and the motives which impelled the defendant to commit the offense. But to entitle the defendant to insist

upon the introduction of these facts as part of the *res gestæ*, they must be necessary to elucidate or explain some defense of the defendant. As such a necessity does not appear in the record, we are compelled to hold that the court below properly refused to admit the testimony.

The judgment of the court below is, therefore, affirmed.

*Affirmed.*

WARREN, C. J., concurred.