THE HOME BUILDING AND LOAN ASSOCIATION OF HELENA, A MONTANA CORPORATION, AND AMERICAN BUILDING AND LOAN ASSOCIATION, A MONTANA CORPORATION, PLAINTIFFS AND APPELLANTS, *v.* DAN FULTON, E. J. BYRNE AND JOHN C. ALLEY, AS MEMBERS OF, AND THE STATE BOARD OF EQUALIZATION OF THE STATE OF MONTANA, AND EDNA J. HINMAN, STATE TREASURER OF THE STATE OF MONTANA, DEFENDANTS AND RESPONDENTS.

No. 10455.

Submitted October 9, 1962. Decided October 25, 1962.

375 P.2d 312.

Paul W. Smith, J. Miller Smith and Chadwick H. Smith, Helena, H. Cleveland Hall, Great Falls (Chadwick H. Smith and H. Cleveland Hall, argued orally), R. G. Wiggenhorn, Billings, Donovan Worden, Missoula, for appellants.

John R. Kline, Helena (argued orally), for respondents.

Randall Swanberg, Great Falls (argued orally), Horace Russell, Chicago, Ill., Amicus Curiae, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

In this cause the plaintiffs filed an action for a declaratory judgment in the district court of Lewis and Clark County, seeking, first, a determination as to whether or not there was a conflict between the provisions of sections 7-122 and 7-159, R.C.M.1947, and those of section 84-1501, R.C.M.1947, as amended by Chapter 155, Laws of 1961. Secondly, in the event no conflict is found, then whether or not the dividends paid by the plaintiffs should be considered as interest or a cost of doing business when determining deductions from gross income in the preparation of their corporation license tax return.

Section 84-1501, prior to its amendment by Chapter 155, Laws of 1961, carried this provision respecting corporations which were exempt from the provisions of the corporation license tax:

"Fourth. Domestic building and loan associations or co-operative bank without capital stock, organized and operated for mutual purposes and without profit."

This section of the law was deleted by the amendment and brought about the controversy since defendants contended that the plaintiffs must pay a corporation license tax and that in the computation thereof plaintiffs could not deduct from their gross income the dividends paid to their members.

The district court made and entered its findings of fact, conclusions of law and judgment to the effect that the contention of the plaintiffs that their dividends were not taxable is

without merit and that the complaint be dismissed. This appeal followed.

It should be stated at the outset that this case was heard and decided in the district court before our opinion was rendered in Cause 10445, Fulton v. Farmers Union Grain Terminal Association, 140 Mont. 523, 374 P.2d 231, which, as we shall hereafter point out, is decisive on one of the questions raised in this appeal. By reason of this fact it is not necessary to discuss some of the specifications of error raised by the appellants and we shall confine our discussion to two issues, both of which were raised by the complaint.

It is the contention of the appellants that this wording, which appears as the concluding sentence in section 7-122, R.C.M. 1947, and reading: "Associations organized under or controlled by this act shall be subject to taxation in no other way," and section 7-159 which provides:

"Insofar as the provisions of this act are inconsistent with the provisions of any other law governing building and loan associations, the provisions of this act shall control," precludes the imposition of any other type of tax than prescribed in section 7-122. The State contends that since section 7-122 applies to classification for purpose of property tax only that the sentence properly applies only to property taxes and has nothing to do with corporate license taxation.

We have many times stated that statutes must be read and considered in their entirety and the legislative intent may not be gained from the wording of any particular section or sentence, but only from a consideration of the whole. See State ex rel. Snidow v. State Board of Equalization, 93 Mont. 19, 17 P.2d 68, 18 P.2d 804; In re Takahashi's Estate, 113 Mont. 490, 129 P.2d 217.

Without going into any extended discussion it clearly appears to us that section 7-122 is a statute for classification of property of building and loan associations for property tax purposes, and that the sentence means exactly what it says

so far as property taxes are concerned and is to be limited to that sphere. We hold that there is no conflict between sections 7-122, 7-159 and 84-1501, since they deal with separate and distinct taxes.

Secondly, then, are dividends paid by the plaintiffs deductible from gross income in determining the corporation license taxes due from the plaintiffs?

We discussed fully in the Fulton case, supra, the situation with regard to co-operative organizations which were also deleted by Chapter 155 from the exempt list of corporations and also the effect of Chapter 235, Laws of 1961, which in amending section 84-1504, R.C.M.1947, provided that ''The term gross income means the income from all sources within the state of Montana recognized in the determination of the corporation's federal income tax liability * * *.'' As we stated in the Fulton case: ''In order to ascertain what a corporation's federal income tax liability is we must consult the I.R.C., being title 26, U.S.C.A.''

In so doing we find that Section 591 of the Internal Revenue Code deals specifically with dividends paid on deposits by building and loan associations, and it reads:

*"Deduction for dividends paid on deposits.* In the case of mutual savings banks, cooperative banks, and domestic building and loan associations, there shall be allowed as deductions in computing taxable income amounts paid to, or credited to the accounts of, depositors or holders of accounts as dividends on their deposits or withdrawable accounts, if such amounts paid or credited are withdrawable on demand subject only to customary notice of intention to withdraw. Aug. 16, 1954, 9:45 a.m., E.D.T., c. 736, 68A Stat. 204." 26 U.S.C.A. § 591.

 Thus, it appears that our laws now provide that building and loan associations must pay a corporation license tax, but that in the computation of their tax liability the gross income shall be that recognized in the determination of the corporation's federal income tax liability, and in accordance with

the provision of the Federal Internal Revenue Code above set forth they may deduct the dividends as therein provided.

The judgment of the district court is reversed and the cause is remanded with instructions to enter judgment not inconsistent with this opinion.

It is so ordered.

MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON, and DISTRICT JUDGE W. W. LESSLEY, sitting in place of MR. JUSTICE STANLEY M. DOYLE, concur.