No. 12248

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

LAZY JD CATTLE COMPANY et al.,

Plaintiffs and Respondents,
and
HERRIN RANCH, INC.,

Plaintiff in Intervention,

-vs-
STATE BOARD OF EQUALIZATION OF THE
STATE OF MONTANA et al.,

Defendants and Appellants.

---

Appeal from: District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellants:

Edward Jene Bell argued, Board of Equalization,
Helena, Montana.

For Respondents:

H. J. Luxan ▮▮▮▮▮▮▮▮, Helena, Montana.
H. J. Luxan appeared, Helena, Montana.
John R. Kline argued, Helena, Montana.
Loble, Picotte and Loble, Helena, Montana.
Douglas M. Greenwood appeared, Helena, Montana.

---

Submitted: September 27, 1972

Decided: DEC - 5 1972

Filed: DEC - 5 1972

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiffs are corporate taxpayers who brought a class action against defendant State Board of Equalization seeking a declaratory judgment establishing their right to net operating loss deductions in computing their state corporation license taxes. The district court of Lewis and Clark County, the Hon. Gordon Bennett, district judge, entered summary judgment for plaintiffs and denied the summary judgment sought by defendant. From this final judgment, defendant State Board of Equalization appeals.

The thirteen plaintiff corporations are each subject to payment of federal income taxes pursuant to the Internal Revenue Code, Title 26, U.S.C., and to Montana corporation license taxes pursuant to sections 84-1501 through 84-1519, R.C.M. 1947. Each of plaintiff corporations was lawfully entitled to a net operating loss deduction on its federal tax returns pursuant to the Internal Revenue Code, 26 U.S.C. § 172, covering one or more of its taxable periods ending on or before December 31, 1970. Each filed Montana corporation license tax returns (accompanied by claims for refund) for taxable periods ending on or before December 31, 1970, and each claimed net operating loss deductions under section 84-1504, R.C.M. 1947, in computing its state corporation tax liability.

Plaintiffs as a class were given a hearing before the State Board of Equalization and thereafter the Board disallowed their claimed deductions and refunds. Having exhausted their administrative remedies, plaintiffs filed a class action in the district court of Lewis and Clark county seeking a declaratory judgment (1) that the corporations were entitled to net operating loss deductions in computing their state corporation license tax liability, (2) annulling all rules, orders, and actions of the State Board of Equalization to the contrary, and (3) such ancillary relief in aider of judgment as appears proper. Defendant's answer in substance admitted the facts concerning what was done, but denied that plaintiffs were entitled to the relief requested.

Ultimately both parties moved for summary judgment. The district court denied summary judgment to defendant and granted

summary judgment to plaintiffs. The district court expressly ruled, inter alia, that the corporations were entitled to net operating loss deductions as computed by them for taxable years prior to 1971; declared certain regulations of the Board contrary thereto invalid; declared the findings, conclusions and order of the Board in the administrative proceeding invalid; voided Board deficiency assessments of $55,824.14 against six of plaintiff corporations, and ordered the Board to refund $25,627.03 with interest to ten of plaintiff corporations.

Defendant State Board of Equalization now appeals from this final judgment.

The ultimate issue for review is whether the Montana corporation license tax law permits net operating loss deductions for taxable years prior to 1971.

The State Board of Equalization argues that the state corporation license tax law (section 84-1501, et seq., R.C.M. 1947), both prior and subsequent to its amendment in 1971, did not permit net operating loss deductions because (1) the definitions of gross income and net income in section 84-1504, R.C.M. 1947, do not include a deduction for net operating losses, (2) section 84-1502, R.C.M. 1947, does not specifically provide for a net operating loss deduction, and (3) the legislature in its 1971 amendment indicated that sections 84-1502 and 84-1504 did not provide for net operating loss deductions prior to such amendment. The Board further argues that to permit such deduction is to permit a double allowance for the same thing, as such allowance is already incorporated in the state corporation license tax act.

Plaintiffs, on the other hand, contend that they are entitled to a net operating loss deduction and to the carry-over and carry-back provisions of the federal income tax law in computing their state corporation license taxes for taxable years prior to 1971. They argue that gross income and net income for Montana corporation license tax purposes is defined with reference to the Federal

Internal Revenue Code and by virtue thereof they are entitled to the net operating loss deduction provided in Title 26, U.S.C. § 172, and the carry-over and carry-back provisions therein. They further take the position that the 1971 amendment by the Montana legislature redefined "net operating loss" and "net operating loss deduction" in terms of section 84-1502, R.C.M. 1947, and applied this new definition to losses occurring in 1971 and subsequent years.

In determining the issue before us, we note at the outset that section 84-1504, R.C.M. 1947, is the basis of plaintiffs' claim that they are entitled to those net operating loss deductions allowable under § 172 of the Internal Revenue Code. Section 84-1504 provides that the Montana corporation license tax shall be computed "upon the total net income of the corporation" for the preceding calendar or fiscal year; defines "net income" as "gross income of the corporation less the allowable deductions"; and defines "gross income" as income from all sources within the state "recognized in the determination of the corporation's federal income tax liability" including in addition interest exempt from federal income tax. It specifically provides that the definition of gross income and net income "shall not be construed as allowing the deductions set forth in section 243 of the Federal Internal Revenue Code as now written, or as that section shall be labeled or amended."

Thus the legislature in section 84-1504, R.C.M. 1947, prior to its 1971 amendment stated, in effect, that gross income for state corporation license tax purposes means the same thing as gross income for federal income tax purposes (excepting interest exempt from federal income tax which is not pertinent here); that net income for corporation license tax purposes is equivalent to federal gross income less allowable deductions; and, that allowable deductions do not include the dividend deduction under § 243 of the Federal Internal Revenue Code. "Gross income",

"net income", and "allowable deductions" for state corporation license tax purposes are thus defined with reference to the general structure of the Federal Internal Revenue Code. With the exception of the exempt interest exclusion and dividend deduction contained in the Federal Internal Revenue Code, the legislature left intact the interrelation of state corporation license tax gross and net income and federal income tax gross and net income as provided in the Federal Internal Revenue Code. Thus the conclusion that state gross income and net income for corporation license tax purposes are based on the Federal Internal Revenue Code is apparent.

Three decisions of this Court construing section 84-1504, prior to the 1971 amendment bear this out. In Board of Equalization v. Farmers Union, 140 Mont. 523, 374 P.2d 231, we held that co-ops subject to Montana corporation license taxes are entitled to deduct patronage dividends from gross income because section 84-1504 incorporates by reference the Federal Internal Revenue Code in which § 522 allows these deductions in determining federal income tax liability.

In Home Bldg. & Loan v. Board of Equalization, 141 Mont. 113, 375 P.2d 312, this Court held that building and loan associations subject to Montana corporation license tax were entitled under section 84-1504 to deduct dividends paid, because the Internal Revenue Code was incorporated by reference into that section and § 591 thereof allowed such deduction in determining federal income tax liability.

Finally in Barth v. State Board of Equal., 148 Mont. 259, 261, 419 P.2d 484, we again recognized that section 84-1504 incorporated by reference the Federal Internal Revenue Code in holding that a gain realized in a liquidation sale was not recognized for Montana corporation license tax purposes because it was not recognized for federal corporation income tax purposes.

In Barth we said:

- 5 -

"Thus, when Sweetheart [a bread company] dissolved, it had to pay a Montana corporation license tax, and this tax was to be based upon its 'net income.' Section 84-1504 defines 'net income' in terms of gross income and refers to federal law for a definition of gross income.

"Under section 337, I.R.C. 1954, the gain realized by Sweetheart in its liquidation sale was not recognized for income tax purposes. Therefore, the gain realized upon the sale is not recognized for Montana corporation license tax purposes."

Thus this Court has consistently held that the definition of gross income and net income for state corporation license tax purposes is dependent upon and incorporates by reference the provisions of the Federal Internal Revenue Code except as expressly provided otherwise, as in the case of the exempt interest exclusion and the dividend deduction.

Apply the foregoing rationale to the instant case, the net operating loss deduction is allowable in computing plaintiff corporations' state corporation tax liability because section 84-1504, R.C.M. 1947, incorporates by reference § 172 of the Federal Internal Revenue Code in determining net income for federal income tax purposes which permits such deduction.

However, the Board urges that if a net operating loss deduction is allowed to plaintiff corporations under section 84-1504, then the corporations will be permitted to claim a second net operating loss deduction under section 84-1502, as amended by the 1971 legislature. This contention is specious. The 1971 amendment prohibits a double deduction for net operating losses by definition:

"The term 'net operating loss' means the excess of the deductions allowed by this section, 84-1502, over the gross income, with the modifications specified in paragraph (b) of this subsection." (Ch. 358,L. 1971).

Thus any net operating loss deduction theretofore permitted under section 84-1504, including by reference net operating losses allowable under § 172 of the Internal Revenue Code, would be eliminated under the new and amended definition of net operating loss contained in the 1971 amendment to section 84-1502.

Finally, the Board contends that the 1971 amendment to section 84-1502, R.C.M. 1947, constituted a legislative declaration of its intent with respect to net operating loss deductions. The 1971 amendment provides in pertinent part:

"The net operating loss deduction shall not be allowed with respect to taxable periods which end on or before December 31, 1970, but shall be allowed only with respect to taxable periods beginning on or after January 1, 1971." [Ch. 358, L. 1971, codified as section 84-1502(2)(B)(f), R.C.M. 1947.]

At issue is the effect of this amendment on net operating loss deductions for taxable years prior to 1971 pursuant to section 84-1504. Initially, we observe that the 1971 amendment did not amend nor purport to amend section 84-1504. The net operating loss deductions provided for therein were allowable pursuant to § 172 of the Federal Internal Revenue Code, incorporated therein by reference. What the legislature did by the 1971 amendment was to comprehensively redefine the net operating loss deduction for state corporation license tax purposes without reference to the provisions governing net operating loss deductions in § 172 of the Federal Internal Revenue Code. The legislature simply adapted the net operating loss deduction to our state situation in an effort to create a balanced, reasonable tax structure.

But was this amendment intended to have a retroactive effect? We perceive no such intention on the part of the legislature. It did not amend section 84-1504, under which plaintiffs claim the net operating loss deduction for their taxable years prior to 1971. It specifically applied to net operating loss deductions as therein defined which were sustained after December 31, 1970. It changed the law with respect to computation of net operating losses, what was included therein and what was not allowable, for taxable years after 1970. Aside from the question of the constitutional power of the legislature to give retroactive effect to this kind of legislation, there is simply no indication it intended to do so.

Section 12-201, R.C.M. 1947, provides:

> "No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared."

This provision was held to be "especially applicable" to the Montana Corporation License Tax Act in State v. J. C. Maguire Construction Co., 113 Mont. 324, 331, 125 P.2d 433, where we said:

> "* * * the fundamental rule of construction is that retroactive effect is not to be given to a statute unless commanded by its context, terms, or manifest purpose."

Here, the net operating losses were deductible under section 84-1504 at the time they were incurred. There is nothing in the 1971 amendment to section 84-1502 indicating an intention on the part of the legislature to retroactively repeal the section 85-1504 operating loss deduction. We decline to so construe the 1971 amendment under the authorities set forth above.

The summary judgment of the district court is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.