No. 12939

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

FIRST FEDERAL SAVINGS & LOAN
ASSOCIATION OF BILLINGS et al.,

    Petitioners and Respondents,

 -vs-

STATE TAX APPEAL BOARD OF THE
STATE OF MONTANA, et al.,

    Appellants and Respondents.

---

Appeal from: District Court of the First Judicial District,
     Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

 For Appellant:

   Terry B. Cosgrove argued, Helena, Montana
   Joseph R. Massman appeared, Helena, Montana

 For Respondents:

   Cannon and Garrity, Helena, Montana
   Ross W. Cannon argued and Donald A. Garrity argued,
   Helena, Montana

---

       Submitted: April 11, 1975

        Decided:   7 1975

Filed: MAY - 7 1975

Thomas J. Kearney
         Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by the Montana Department of Revenue from a judgment of the district court, Lewis and Clark County, reversing orders of the Montana Department of Revenue and the State Tax Appeal Board.

This matter was tried on an agreed statement of facts. Plaintiffs are several savings and loan associations located in Montana. In their 1972 Montana corporation license tax returns, they deducted from their gross incomes the bad debt reserve authorized by sections 166 and 593, Title 26, United States Code. At the same time, they filed amended returns for tax years 1967 through 1971, in which they also claimed the bad debt reserve deduction. The Department of Revenue does not question the amount of the bad debt reserve deduction claimed and admits plaintiffs are entitled to use such a deduction in computing their federal income tax returns.

The Department of Revenue disallowed the bad debt reserve deduction for all tax years in which it was claimed. Plaintiffs perfected a timely appeal to the State Tax Appeal Board which, after hearing, found in favor of the Department. Plaintiffs appealed that ruling to the district court which entered judgment for the plaintiffs. From that judgment, the Department of Revenue brings this appeal.

In light of our treatment of this appeal, we need discuss but one of the issues raised by appellant: Whether, in computing their Montana corporation license taxes for taxable years prior to 1973, Montana savings and loan associations may deduct the bad debt reserve authorized for such associations by sections 166 and 593, Title 26, U.S.C.?

During the tax years in question, section 84-1504(2), R.C.M.

1947, defined gross and net income as:

> "The term gross income means the income from all sources within the state of Montana recognized in the determination of the corporation's federal income tax liability; but shall include interest exempt from federal income tax. The term 'net income' means the gross income of the corporation less the allowable deductions. However, the definitions of gross income and net income set forth in this section shall not be construed as allowing the deductions set forth in section 243 of the Federal Internal Revenue Code * * * ".

This Court recently construed that language in Lazy JD Cattle Co. v. State Board of Equalization, 161 Mont. 40, 45, 504 P.2d 287, wherein we stated:

> "Thus this Court has consistently held that the definition of gross income and net income for state corporation license tax purposes is dependent upon and incorporates by reference the provisions of the Federal Internal Revenue Code except as expressly provided otherwise, as in the case of the exempt interest exclusion and the dividend deduction."

> Section 84-1502, R.C.M. 1947, reads, in pertinent part:

> "In computing the net income the following deductions shall be allowed from the gross income received by such corporation within the year from all sources:
> " * * *
> " 2.          All losses actually sustained and charged off within the year and not compensated by insurance or otherwise * * *".

Although sections 166 and 593 of the Federal Internal Revenue Code authorize a deduction from gross income for a <u>reserve</u> for bad debts, the issue, more narrowly stated, becomes whether our Montana Corporation License Tax statutes have "expressly provided otherwise". We hold that section 84-1502(2), R.C.M. 1947, has expressly provided otherwise and respondents may not deduct the bad debt reserve deduction, authorized by the Federal Internal Revenue Code, in computing their Montana corporation license taxes for taxable years prior to 1973.

While it is true the Federal Internal Revenue Code has broken the loss provisions into two separate sections, section 165 for casualty losses and section 166 for bad debts, it does

- 3 -

not necessarily follow that Montana's section 84-1502(2) refers solely to casualty losses and not to bad debts. A clear reading of the words "All losses" has the plain and obvious meaning that all losses, including bad debts, are to be deducted under this section of Montana's code. A bad debt is a "loss".

The predecessor of section 84-1502(2) was enacted by our legislature in 1917. Section 2, Chapter 79, Laws of 1917. It was lifted almost verbatim from Sec. 12(a) of the Federal Revenue Act of 1916, 39 Stat. 767, which read:

> "In the case of a corporation * * * such net income shall be ascertained by deducting from the gross amount of its income received within the year from all sources---
>
> " * * *
>
> "Second. All losses actually sustained and charged off within the year and not compensated by insurance or otherwise * * *."

The provisions relating to corporate deductions did not specifically mention bad debts, as such, until a separate bad debt provision was added as Sec. 234(a) of the Federal Revenue Act of 1918, 40 Stat. 1077. While the Revenue Act of 1916 did not specifically mention bad debts as being deductible, the regulations promulgated pursuant thereto did recognize their deductibility. Art. 151 of Regulations No. 33, Revised, 20 Treasury Decisions Internal Revenue 126, 199, states:

> "Bad Debts.--Losses which may be properly deducted from gross income on account of bad debts or doubtful accounts are those losses which have been definitely ascertained to have occurred and which were charged off during the year for which the return is made."

While Regulations No. 33, Revised, was promulgated on January 2, 1918, following the enactment of the predecessor of our section 84-1502(2), R.C.M. 1947, a similar interpretation of Sec. II G(b) of the Federal Revenue Act of 1913, 38 Stat. 172, can be found in Article 125 of Regulations No. 33, 16 Treasury Decisions Internal

Revenue, T.D. No. 1944.

Thus, not only the plain meaning of the words "All losses", but also the interpretation given to the federal statute, from whence our statute was drawn, indicates that bad debts are deductible under section 84-1502(2). In allowing for a deduction for bad debts, the legislature has provided a specific method for deducting the bad debts which must be followed: Bad debts are deductible only when "actually sustained and charged off within the year". Where the Montana code has attempted to specifically deal with a particular deduction, in this case bad debts, then the provisions of the Montana code govern, to the exclusion of methods permitted by the Federal Internal Revenue Code, in this case deduction by the reserve method.

Respondents next contend that section 84-1502(2), R.C.M. 1947, does not limit all deductible losses to those actually sustained during the taxable year because in Lazy JD Cattle Co. this Court permitted the taxpayer to carry forward and carry back "losses" pursuant to the net operating loss deduction allowed by section 172 of the Federal Internal Revenue Code. The net operating loss deduction is a different concept. It is not a "loss". The term "net operating loss" means the excess of all the deductions allowed by Chapter 1 of Subtitle A of the Federal Internal Revenue Code over the gross income. That amount can either be carried back or carried forward according to the provisions of the statute. But, an individual bad debt loss may not be carried back or forward independently in and of itself. Pursuant to section 84-1502(2), it must be deducted in the year "actually sustained and charged off". In other words, in computing the net operating loss for any given year the bad debt losses utilized in the computation would be only those "actually sustained and charged off within the year".

The judgment of the district court is reversed.

_____
                    Justice

We concur:

_____

_____

_____
Justices

_____
Hon. W. W. Lessley, District
Judge, sitting in place of
Mr. Chief Justice James T.
Harrison.

- 6 -