No. 82-121

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

BAKER BANCORPORATION, INC., et al.,

Petitioner and Appellants, and
Respondent,

vs.

DEPARTMENT OF REVENUE OF THE STATE
OF MONTANA,

Respondents and Respondents.

---

Appeal from: District Court of the First Judicial District,
In and for the County of Lewis and Clark
Honorable Robert M. Holter, Judge presiding.

Counsel of Record:

For Appellants:

Harrison, Loendorf & Poston, Helena, Montana
James T. Harrison, Jr., argued, Helena, Montana
J. Patrick Giblin argued, Billings, Montana

For Respondents:

Michael J. Rieley argued, Helena, Montana

---

Submitted:   November 16, 1982

Decided:   December 29, 1982

Filed:   DEC 2 9 1982

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Appellants, six holding companies, appeal the denial of their claim for deductions of dividends received from subsidiary corporations in which they own 80 percent or more of the voting stock.

The controversy here centers upon the interpretation of a 1973 amendment to Section 84-1504, Revised Codes of Montana (1947), (recodified in part in section 15-31-113(2), MCA) and whether case law interpreting that section prior to its amendment is still controlling. Old Revised Codes of Montana (R.C.M.) cites will be used since we are concerned with provisions enacted prior to and during 1973.

Section 84-1504, R.C.M., 1947, is part of Montana's Corporation License Tax Act and describes how the license tax is computed.

Prior to 1973, section 84-1504 provided the following definition of gross income and net income:

> ". . . The term gross income means the income from all sources within the state of Montana recognized in the determination of the corporation's federal income tax liability; but shall include interest exempt from federal income tax. The term 'net income' means the gross income of the corporation less the allowable deductions. However, the definitions of gross income and net income set forth in this section shall not be construed as allowing the deductions set forth in section 243 of the Federal Internal Revenue Code as now written, or as that section shall be labeled or amended. . . ." (Emphasis added.)

In interpreting the above language, this Court consistently held to the rule that the definition of gross income and net income is dependent upon and incorporates by reference the Federal Internal Revenue Code, except where Montana law expressly provides otherwise. Lazy JD Cattle Co. v. State Board of Equalization (1972), 161 Mont. 40 , 504 P.2d 287; First Federal Savings and Loan Association v. State Tax Appeal Board (1975), 167 Mont. 33, , 535 P.2d 183 (interpreting section 84-1504 for the tax years prior to 1973). Any federal deduction was

- 2 -

allowable in Montana, unless some section of the Montana Corporation License Tax Act expressly provided otherwise.

In 1973, the Montana Legislature amended section 84-1504 to read as follows:

> ". . . The term gross income means all income recognized in determining the corporation's gross income for federal income tax purposes; but shall include interest exempt from federal income tax. No corporation is exempt from the corporation license tax unless specifically provided for under section 84-1501. Any corporation not subject to or liable for federal income tax but not exempt from the corporation license tax under section 84-1501 shall compute gross income for corporation license tax purposes in the same manner as a corporation that is subject to or liable for federal income tax according to the provisions for determining gross income in the federal internal revenue code in effect for the taxable year. The term 'net income' means the gross income of the corporation less the deductions set forth in section 84-1502." (Emphasis added.)

The deductions claimed by appellants are provided for in section 243 of the Federal Internal Revenue Code. These deductions were expressly disallowed in the pre-1973 version of section 84-1504. That disallowance was deleted in 1973.

The appellants here are six one-bank holding companies, each of which owns 80 percent or more of the voting stock of a commercial bank. The following is a list of the holding companies and their respective bank subsidiaries:

| Parent Holding Company | Bank Subsidiaries |
| --- | --- |
| Baker Bancorporation, Inc. | Montana Bank of Baker, N.A. |
| Bozeman Bancorporation, Inc. | Montana Bank of Bozeman, N.A. |
| Butte Insurance Agency, Inc. | Montana Bank of Butte, N.A. |
| Mineral County Bancorporation, Inc. | Montana Bank of Mineral County |
| Red Lodge Bancorporation, Inc. | Montana Bank of Red Lodge, N.A. |
| Roundup Insurance Agency, Inc. | Montana Bank of Roundup, N.A. |

From 1973 to 1979, the appellants consolidated their tax returns with their respective subsidiaries. The Department of Revenue, upon examining the returns, denied appellants permission to consolidate them. In recalculating the returns, the Department did not allow appellants deductions for dividends received from their subsidiaries.

The appellants appealed the Department's decision to the

State Tax Appeal Board (STAB). STAB overturned the Department's decision, and allowed the deductions. STAB followed the case law which stated that the Corporation License Tax Act incorporates by reference the Federal Internal Revenue Code. STAB reasoned that since Section 243 of the Federal Internal Revenue Code allows the deductions, and since no provision in the Corporation License Tax Act expressly prohibits the deductions, appellants could deduct the dividends received from their subsidiaries.

The Department appealed STAB's decision to the District Court of the First Judicial District, Lewis & Clark County. The District Court reversed STAB's decision, stating that STAB incorrectly applied pre-1973 statutory and case law in computing tax returns for the years 1973 through 1979. The District Court concluded that section 84-1504 as amended in 1973, in its plain meaning, limits deductions to only those allowed in section 84-1502. Since the deduction claimed by appellants was not provided for in section 84-1502, the District Court disallowed the deduction, regardless of the provision in the federal tax code.

The sole issue on review is whether under section 84-1504, R.C.M., 1947, (recodified in part in section 15-31-113(2), MCA), appellants are allowed to deduct dividends received from subsidiaries in which they own 80 percent or more of the voting stock.

In interpreting section 84-1504 prior to its 1973 amendment, this Court acknowledged that the Federal Internal Revenue Code would be used to define "gross income," "net income," and "all allowable deductions," unless another provision expressly provided otherwise. Lazy JD Cattle Co. v. State Board of Equalization (1972), 161 Mont. 40, 504 P.2d 287; First Federal Savings & Loan v. State Tax Appeal Board (1975), 167 Mont. 33, 535 P.2d 183 (applying pre-1973 statutes). In Lazy JD Cattle Co. we stated the rule as follows:

> "Thus this Court has consistently held that
> the definition of gross income and net income
> for state corporation license tax purposes is
> dependent upon and incorporates by reference

> the provisions of the Federal Internal Revenue
> Code except as expressly provided otherwise,
> as in the case of the exempt interest exclu-
> sion and the dividend deduction." 504 P.2d
> at 290.

See also Board of Equalization v. Farmer's Union Grain Terminal Ass'n (1962), 140 Mont. 523, 374 P.2d 231; Home Building & Loan Ass'n of Helena v. Board of Equalization (1962), 141 Mont. 113, 375 P.2d 312; and Barth v. State Board of Equalization (1966), 148 Mont. 259, 419 P.2d 484. These cases have not been overruled and are still good law in Montana.

STAB based its decision on the above cases; the District Court did not. We agree with the STAB reasoning and hereby reinstate its order.

The 1973 amendment to section 84-1504 did not alter the interrelationship that exists between the Federal Internal Revenue Code and the Montana Corporation License Tax Act. The Internal Revenue Code in section 243 permits corporations to take a deduction for 100 percent of the dividends received by them from subsidiary corporations in which they own 80 percent or more of the voting stock. No provision in the Montana Corporation License Tax Act expressly prohibits the section 243 deduction. Appellants are therefore entitled to deduct all dividends received by them from subsidiary corporations in which they own 80 percent or more of the stock.

The District Court's judgment is vacated and the STAB order reinstated.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

- 5 -