No. 93-588

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

MONTANA DEPARTMENT OF REVENUE,

Respondent and Appellant,

v.

ALLAN K. DRAY,

Petitioner and Respondent.

FILED

AUG1 8 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lawrence G. Allen, Tax Counsel, State of Montana,
Department of Revenue, Helena, Montana

For Respondent:

James P. Sites and Scott M. Heard,
Crowley, Haughey, Hanson, Toole & Dietrich,
Billings, Montana

Submitted:   June 28, 1994

Decided:   August 18, 1994

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Allan K. Dray petitioned the District Court for the First Judicial District in Lewis & Clark County for judicial review of an order of the State Tax Appeal Board which affirmed the Department of Revenue's (DOR) assessment of taxes, penalties, and interest against Dray. The District Court granted the petition for judicial review and reversed the decision of the State Tax Appeal Board. The DOR appeals the order of the District Court. We affirm the District Court.

The following issue is presented on appeal:

According to Montana's tax code, may a nonresident taxpayer deduct alimony payments from income earned in Montana to arrive at Montana adjusted gross income?

The parties agree that there are no disputed facts in this case. They have stipulated to the following facts: Dray is a Texas resident who reported income from Montana sources, including royalty income and income from agricultural property located in Montana, for the years 1984 through 1988. In 1984, Dray and his wife, a nonresident of Montana, entered into a written separation agreement which provided for alimony payments from Dray to his wife of $10,000 per month commencing June 1, 1984. In tax years 1984 through 1988, Dray claimed a deduction for alimony paid in arriving at his adjusted gross income for federal income tax purposes. He claimed a similar alimony deduction in the calculation of adjusted gross income for Montana income tax purposes.

The DOR assessed deficiencies against Dray for the years 1984 through 1988 based on its disallowance of the alimony deduction. Not including penalties and interest, the total amount assessed by the DOR was $25,745.

We review conclusions of law to determine whether the district court's interpretation of the law is correct. *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

The DOR contends that Dray is not entitled to claim an alimony deduction because adjusted gross income for nonresident taxpayers is calculated pursuant to § 15-30-131, MCA (1991), and that statute does not expressly provide an alimony deduction for nonresidents. The DOR cites the general rule that deductions only exist by express grant of the Legislature. *GBN, Inc. v. Department of Revenue* (1991), 249 Mont. 261, 266, 815 P.2d 595, 597; *Cyprus Mines Corp. v. Madison County* (1977), 172 Mont. 116, 118, 560 P.2d 1342, 1343. This contention is based on the DOR's premise that § 15-30-131, MCA (1991), provides a method to determine adjusted gross income and income tax deductions for nonresident taxpayers separate from that provided for resident taxpayers under § 15-30-111, MCA (1991). These statutes, in relevant parts, state the following:

> **15-30-111. Adjusted gross income.** (1) Adjusted gross income shall be the taxpayer's federal income tax adjusted gross income as defined in section 62 of the Internal Revenue Code of 1954 . . . .

> **15-30-131. Nonresident and temporary resident taxpayers -- adjusted gross income -- deductions.** (1) In the case of a taxpayer other than a resident of this state, adjusted gross income includes the entire amount of

3

adjusted gross income from sources within this state but shall not include income from annuities, interest on bank deposits, interest on bonds, notes . . . . Adjusted gross income from sources within and without this state shall be allocated and apportioned under rules prescribed by the department.

. . . .

(3) In the case of a taxpayer other than a resident of this state who is a resident of a state that does not impose a tax on the income of natural persons residing within that state, the deductions allowed in computing net income are restricted to the greater of those directly relating to the production of Montana income or a prorated amount of those allowed under 15-30-121. For the purposes of this subsection, deductions allowed under 15-30-121 apply only to earned income and must be prorated according to the ratio that the taxpayer's Montana earned income bears to his federal earned income.

The DOR further argues that it is apparent from § 15-30-131, MCA (1991), that the Legislature intended that deductions for nonresident taxpayers be proportionate to Montana income.

While we recognize the rule that the intention of the Legislature controls statutory construction, *State ex rel. Neuhausen v. Nachtsheim* (1992), 253 Mont. 296, 299, 833 P.2d 201, 204, we must first look at the plain meaning of the statute's language. *GBN*, 815 P.2d at 597. If the language is clear and unambiguous, no further interpretation is required. *GBN*, 815 P.2d at 597. Here, there is no reason to resort to legislative intent because the language of §§ 15-30-111 and -131(1) and (3), MCA, as it appeared in 1991, is clear and unambiguous.

As Dray points out, while the allocation language in subsection -131(1), MCA (1991), may indicate that "[a]djusted gross income from sources within and without this state shall be

4

allocated and apportioned under rules prescribed by the department . . . ," no rules had, at any relevant time, been promulgated by the DOR to allocate or apportion the income to which a nonresident taxpayer's alimony payments are attributable or to prorate the alimony deduction based on the source of the taxpayer's income.

Furthermore, the "deductions" referred to in § 15-30-131(3), MCA (1991), are "deductions allowed in computing net income." Net income is defined in § 15-30-101(11), MCA (1991), as adjusted gross income "less deductions." These deductions are commonly referred to as "below-the-line" deductions. Alimony is an "above-the-line" deduction, a deduction used to compute adjusted gross income pursuant to I.R.C. § 62(a)(10) (1988).

The DOR concedes that alimony is an above-the-line deduction, but reasserts that such a deduction is not allowed unless specifically provided for by the Legislature.

We agree, but nonetheless conclude, that an alimony deduction is specifically provided for by Montana's incorporation of the federal definition of adjusted gross income in § 15-30-111, MCA (1991), and that based on the definition of "taxpayer" as used in that section, there is no basis for denying that deduction to nonresident taxpayers. *See* § 15-30-101(19), MCA (1991). We have held in *Baker Bancorporation v. Department of Revenue* (1983), 202 Mont. 94, 657 P.2d 89, that when a statute expressly incorporates federal gross and net income, then the deductions allowable in federal

5

taxation must also be deemed allowable for purposes of Montana taxation.

We are not persuaded by the DOR's argument that because § 15-30-131, MCA (1991), specifically applies to nonresidents, it should control over § 15-30-111, MCA (1991), which defines adjusted gross income. Despite the language in § 15-30-131(1), MCA (1991), that "adjusted gross income includes the entire amount of adjusted gross income from sources within this state . . . ," the only definition of "adjusted gross income" in the Montana tax code is the one found at § 15-30-111, MCA (1991).

Based on the foregoing, we conclude that the District Court correctly interpreted the provisions found at §§ 15-30-111 and -131, MCA (1991), and therefore, affirm the judgment of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

6

_William E. Hunt, Sr._

_Justices_

August 18, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


LAWRENCE G. ALLEN
Tax Counsel
DEPARTMENT OF REVENUE
P.O. 202701
Helena, MT   59620-2701

James P. Sites
Crowley, Haughey, Hanson, Toole & Dietrich
P.O. Box 2529
Billings, MT   59103-2529

<div style="margin-left:50%;">

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy

</div>