STATE EX REL. McDONNELL, APPELLANT, v. MUSBURGER ET AL., RESPONDENTS.

(No. 8,097.)

(Submitted March 20, 1941. Decided April 3, 1941.)

[111 Pac. (2d) 1038.]

*Mr. Frank E. Blair,* for Appellant, submitted an original and a reply brief, and argued the cause orally.

*Mr. John M. Comfort* and *Mr. Robert H. Allen,* for Respondents, submitted an original and a supplemental brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from a judgment in a proceeding in mandamus. The petition sets out that Ruth Grant Carson, the county superintendent of schools of Madison county, on the 9th day of February, 1938, made an order for the abandonment of School District No. 40. That order recites as follows:

"Whereas it appears satisfactorily to me that no school has been held in School District Numbered 40 for a period of more than two consecutive years; and it further appears that terms

of school aggregating at least 12 months have not been actually held in said district numbered 40 during a period of three (3) consecutive years, immediately last past, I

"Now, therefore, in compliance with the provisions of Section 970, R. C. M. 1935, do order and declare said School District abandoned. It is also ordered that all territory comprising District No. 40 be and is hereby transferred from said abandoned District Numbered 40 to School District Numbered 52 in Madison County."

The order then proceeded to describe the property that shall be embraced within the consolidated School District No. 52. It further recited: "I hereby further order that all money and property belonging to said abandoned district Numbered 40 be transferred to Consolidated School District Numbered 52, after payment of all just liabilities."

The petition alleges that the order was arbitrarily made in that the county superintendent had not received a petition signed by the requisite number of freeholders qualified to vote at school elections asking for a consolidation, and in that no notice of an election was given, nor was an election held; that after the making of the order, District No. 52 took possession of all the property of District No. 40, and has ever since exercised jurisdiction over that district. The petition alleges that for approximately two years before the order was made, District No. 40 had provided transportation for all of its school children for at least six months during each of the years by providing a safe omnibus, driven by a competent driver under contract let by the board and under proper and sufficient bond.

It is alleged that these defendants, who are now the county superintendent and members of the board of trustees of School District No. 52, respectively refuse to revoke the order made by the former county superintendent, and continue to exercise complete dominion over School District No. 40.

The petition prays for the issuance of a writ of mandate directed to the defendants, ordering them, first, to revoke the order made by the former county superintendent; second, to

restore the money and property in their possession belonging to School District No. 40; third, to reform the boundary lines of School Districts Nos. 40 and 52 to conform to the boundaries existing prior to making the order; fourth, that the county superintendent be required to correct his records so as to represent the present boundaries of the districts exactly as they were before the order in question; fifth, that he be required to convey the correct boundary information to the board of county commissioners as to each of the districts upon correcting his said records of said boundaries; sixth, for such other relief as is provided by law, including costs and attorneys' fees.

Defendants filed a motion to quash, the motion being based upon the grounds, first that the petition did not state facts sufficient to justify the relief sought; second, that the facts set forth in the petition do not show a legal duty on the part of the defendants to perform the acts requested; third, that the court was without jurisdiction in that the petition does not show that the petitioner has exhausted his statutory remedies. After hearing, the court sustained the motion to quash. This appeal followed.

The main point in issue is whether mandamus is the proper remedy available to petitioner at this time to obtain the relief demanded.

We may concede, without so deciding, that if the order of ▮ February 9, 1938, were void for want of jurisdiction, particularly if void on its face, mandamus might be available to obtain the relief sought. Relator contends that that order is void for want of jurisdiction because there was no attempt at compliance with section 1034, Revised Codes, relating to the consolidation of school districts. That section has nothing to do with the abandonment of a school district under section 970. Section 1034, providing for the consolidation of districts is not dependent upon any question of whether school was held within either or any of the districts in question. Section 970 has to do with abandoning a school district when no school has been held therein within the prescribed time. If there be any con-

flict between the two sections, section 970 controls, since it is later in point of time.

So far as the power of abandonment is concerned, it first came into the section by the amendment to Chapter 76, Laws of 1913, made by Chapter 196, Laws of 1919. Section 1034 was enacted in its present form by Chapter 76, Laws of 1913. Section 970, in its present form, came by virtue of an amendment made by Chapter 84, Laws of 1931. Hence the validity of the order of February 9, 1938, depends entirely upon section 970, without reference to section 1034. Section 970, being later in time, controls over section 1034. This was the holding of the Attorney General's office as early as 1931 (14 Opinions Atty. Gen. of Mont. 126) and since then the legislature has seen fit to make no change.

Section 970 authorizes the county superintendent to declare school districts abandoned "when no school has been actually held within such district for two (2) consecutive years, if in his judgment there is no immediate prospect of the need of a school, and he must declare a school district abandoned when terms of school aggregating at least twelve (12) months have not been actually held in a district during a period of three (3) consecutive years." It then contains this proviso, "provided, however, that if any such district has provided transportation for all children of school age, living within the district, to another district for the purpose of attending school therein for a term of at least six (6) months during each of such three (3) years, such transportation to be by means of a safe and proper omnibus, or omnibuses, driven or operated by a competent driver, or drivers, under contract let by the board of trustees of the district, and which driver, or drivers, shall be under proper and sufficient bonds, such transportation shall be deemed equivalent to the actual holding of school in such district for a term of six (6) Months in each year, and such district shall not be ordered abandoned." Relator's petition alleges facts bringing this case within the proviso.

Petitioner contends that, since it appears from the allegations of the petition—admitted by the motion to quash—that

there was school held in District No. 40 within the meaning of section 970 since transportation was provided for the children at least six months out of each of the school years, the case has to be governed by section 1034. The motion to quash, however, does not admit as a fact that such transportation was furnished. The motion to quash simply admits that fact for the purpose of the motion. In legal effect, defendants by the motion to quash simply state to petitioner that, even if it be a fact that such transportation was provided, you cannot maintain the action in mandamus.

The main contention of defendants is that if plaintiff had or has any remedy, it is other than a suit in mandamus. Their contention must prevail. If the order of February 9, 1938, was not proper, it is because facts did not exist justifying an order of abandonment under section 970. That was the precise issue before the county superintendent when the order was made. The law expressly conferred the authority and power upon her to determine whether sufficient facts existed upon which to make an order of abandonment. She had jurisdiction to determine the fact. Jurisdiction is the authority to hear and determine and is not affected by the lack of correctness of the decision made. Jurisdiction existed to make a wrong decision as well as a correct one. If interested parties thought the decision was erroneous, they were privileged to take an appeal to the state superintendent (sec. 966, Rev. Codes), and if dissatisfied there, to have the matter reviewed in court by a writ of review upon a proper showing. (*State ex rel. School District* v. *Trumper,* 69 Mont. 468, 222 Pac. 1064; *Peterson* v. *School Board,* 73 Mont. 442, 236 Pac. 670.) Mandamus will not lie where there is a plain, speedy and adequate remedy in the ordinary course of law (sec. 9849, Rev. Codes).

In 18 R. C. L.—Mandamus—section 46, it is said: "It is a general rule that the extraordinary remedy of Mandamus cannot be resorted to in a civil proceeding to subserve the purpose of an appeal or writ of error; therefore where a statute gives the right of appeal from the decision of a board or tribunal to review its action, this is ordinarily deemed an adequate

remedy so as to preclude the issuance of a mandamus to coerce such tribunal in respect to such matter, and the same is held true where the matter may be reviewed on writ of error.''

The court was correct in sustaining the motion to quash. The judgment appealed from is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.