DOROTHY POTTER, Plaintiff and Appellant, v. HARRIET MILLER, State Superintendent of Public Instruction, Defendant and Respondent.

No. 10772

Submitted February 9, 1965. Decided March 16, 1965.

399 P.2d 994.

198

Erickson & Richards, Lief Erickson (argued), Helena, for appellant.

Forrest H. Anderson, Atty. Gen., Donald Garrity (argued), Helena, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment of dismissal of a petition seeking review of the action of the State Superintendent of Public Instruction, in sustaining an order of the County Superintendent of Schools of Broadwater County, entered in the district court of Lewis and Clark County, the motion having been made by the respondent.

On a motion to dismiss, it follows as a matter of law that the facts well-pleaded are taken to be true. As stated in Board of Equal. v. Farmers Union Grain Terminal Ass'n, 140 Mont. 523, 531, 374 P.2d 231, 236, "We concede that since the action was taken on motions to dismiss under Rule 12(b) of the Montana Rules of Civil Procedure, the allegations of the complaint must be viewed in a light most favorable to plaintiffs, admitting and accepting as true all facts well-pleaded."

The petition alleged that appellant was a resident of School District No. J—43 until July of 1962, when the Broadwater County Superintendent of Schools declared this school district

abandoned and ordered that the Broadwater County portion of this district be attached to School District No. 7, which will hereafter be referred to as the Townsend district. The boundaries of the Townsend district and former District No. J—43 are contiguous for about three miles in a remote mountain region inaccessible by ordinary modes of travel. To reach the schools in the Townsend district, the children residing in the abandoned territory must travel through School District No. 10, which will hereafter be referred to as the Winston district. The boundaries of the Winston district and the abandoned territory are contiguous for more than twelve miles and are traversed by a primary highway and other "accessible roads."

The petition further alleged that the Winston district maintains an adequate school which could be attended by the children from the abandoned territory and that the Townsend schools are overcrowded; that the only schools maintained in the Townsend district require the children to travel fourteen miles further, each way, than would be necessary if these children attended school in Winston; that thirteen of the fifteen resident taxpayers of the abandoned territory favored attaching this territory to the Winston district rather than the Townsend district. It is also alleged in the petition that the attachment of the abandoned territory to the Townsend district worked an "undue hardship" upon the parents and children in the abandoned territory.

Appellant had appealed from the decision of the Broadwater County Superintendent of Schools to the Superintendent of Public Instruction, who affirmed the County Superintendent's decision on June 24, 1963. Appellant seeks to review these actions by her petition for writ of review, contending that the actions were not only in excess of jurisdiction but were contrary to the intent and purpose of section 75-1522, R.C.M.1947.

There is a single specification of error, that being that the court erred in granting the motion to dismiss and in entering the judgment of dismissal.

Respondent contends that the approval by the State Superintendent of Public Instruction of the abandonment order of the County Superintendent was within her sole and exclusive province; that her act is neither subject to review nor interference by the courts, citing Read v. Stephens, 121 Mont. 508, 513, 193 P.2d 626.

The Read case, supra, involved taxpayers of School District 15 of Blaine County wherein they asked that an order made by the the Board of County Commissioners to transfer lands from District No. 15 to District No. 67, be set aside under the provisions of section 1024, R.C.M.1921, as amended, now section 75-1805, R.C.M.1947.

In disposing of the respondent's contention that the courts cannot interfere or review acts of an inferior court, tribunal or board a quotation from Read v. Stephens, supra, 121 Mont. at 513, 193 P.2d at 629, does shed some light on the question.

"This language of the *statute does not give the board power to act arbitrarily, or without a hearing, or in disregard of the evidence of matters which by the terms of the statute, it shall consider.* Grant v. Michaels [94 Mont. 452, 23 P.2d 266], supra. It simply means that, if after a hearing, where the parties in interest are permitted to present the facts and evidence of their contentions properly to be considered by the board in exercising the power vested in it by the legislature, it exercises that power within the limits fixed by the statute, *not arbitrarily or fraudulently, but within its sound discretion,* the courts may not interfere. School District [No. 3] v. Callahan [237 Wis. 560, 297 N.W. 407, 135 A.L.R. 1081], supra. What matters may the board consider in exercising the power here involved? The statute delegating the power broadly answers the question.

"The language used in the statute, *'if he deem it advisable'* opens a wide field of matters to be considered in hearing the petition for change of boundaries of school districts. *The financial condition of the districts, the means and convenience*

*of communication therein, the number and places of residence of the children therein, their ages, and other matters that show the change to be 'advisable,' or otherwise, may be considered.* The language, 'and for the best interest of the territory proposed to be transferred or included,' following the language first quoted, calls attention to and declares a matter which, if not deemed of paramount importance by the legislature, is surely one of the subjects to be weighed by the board in determining whether the transfer of the territory is 'advisable.' " (Emphasis supplied.)

Section 75-1522, R.C.M.1947, so far as pertinent, provides:

"(2) *The abandoned territory shall be attached to a contiguous district or districts.* * * *

"(3) * * * *Whenever a school district is ordered abandoned upon order of the county superintendent of schools in such case, then he shall attach said school district to a contiguous district or districts as herein provided.*" (Emphasis supplied.

The wording above italicized is that portion relied on by respondent as granting the county superintendent sole jurisdiction and requires only that the abandoned territory be attached to a contiguous district and her discretion is not limited.

While section 75-1313, R.C.M.1947, gives the State Superintendent of Public Instruction the power to "decide all appeals from the decisions of the county superintendent," we must not overlook the provisions of section 75-1518, R.C.M.1947, which reads:

"He shall decide all matters in controversy arising in his county in the administration of the school law or appealed to him from the decision of school officers or boards. An appeal may be taken from his decision, in which case a full written statement of the facts, together with the testimony and his decision in the case, shall be certified to the state superintendent for his decision in the matter, which decision

shall be final, *subject to adjudication or the proper legal remedies in the state courts."* (Emphasis supplied.)

In State ex rel. McDonnell v. Musburger, 111 Mont. 579, 584, 111 P.2d 1038, 1040, this court speaking apropos the instant cause said, "If interested parties thought the decision was erroneous, they were privileged to take an appeal to the state superintendent (Sec. 966, Rev. Codes) [1921, now R.C. M.1947, § 75-1518], and if dissatisfied there, to have the matter reviewed in court by a *writ of review* upon a proper showing. State ex rel. School District v. Trumper, 69 Mont. 468, 222 P.1064; Peterson v. School Board, 73 Mont. 442, 236 P. 670."

In light of these authorities we cannot agree with the contention of respondent that by reason of the provisions of section 75-1522, R.C.M.1947, no basis for a writ of review exists, and that her action is not subject to review.

In our view sufficient facts were alleged in the petition to move the discretion of the district court to grant a writ of review, and the district court's order dismissing the petition was an abuse of discretion.

The judgment of dismissal is reversed and the cause remanded for further proceedings.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON and CASTLES concur.

MR. JUSTICE ADAIR (dissenting):

I dissent. I find no abuse of discretion in the action of the State Superintendent of Public Instruction of Montana in sustaining the order of the County Superintendent of Schools of Broadwater County, Montana, upon motion entered in the District Court of Lewis and Clark County. I likewise find no abuse of discretion in the making and issuance by the aforesaid District Court of its order dismissing the petition that sought a review of the action of the aforesaid State Superintendent of Public Instruction. In my opinion the district court's judgment of dismissal should be affirmed as entered.