No. 12775

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

GEORGE D. BALLARD, JR.,

Plaintiff and Appellant,

-vs-

JOHN G. GREGORY, Superintendent of
Jefferson County Schools,
and
COUNTY COMMISSIONERS OF JEFFERSON
COUNTY, a body politic,
and
VINCENT M. CAPP et al.,

Defendants and Respondents.

---

Appeal from:  District Court of the Fifth Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Thomas Olson, County Attorney, Bozeman, Montana
Donald E. White argued, Deputy County Attorney,
Bozeman, Montana

For Respondents:

Allen LeMieux, County Attorney, argued, Boulder,
Montana

---

Submitted:  January 9, 1975

Decided: JAN 3 1 1975

Filed: JAN 3 1 1975

*Thomas J. Kearney*
                                        Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of Jefferson County refusing to transfer territory of an elementary school district into a proposed joint high school district.

The sole issue on appeal is whether or not the trial court erred in finding no abuse of discretion by the Jefferson County school superintendent or the Jefferson County commissioners in denying a petition to transfer territory between high school districts.

This action was commenced by certain residents of Jefferson County who send their children to a joint elementary school district, No. 24 of Gallatin County, to transfer the territory of elementary school district No. 24, lying in Jefferson County, to establish a joint high school district with the Three Forks High School district. During the hearing the court allowed substitution of George D. Ballard, Jr., a local taxpayer, as party plaintiff. However, the deputy county attorney of Gallatin County continued to present the original plaintiff's case.

Prior to the commencement of this action the residents of school district No. 24 petitioned the county superintendent and the board of county commissioners of Jefferson County for such a transfer of territory but were denied. They then appealed to the state superintendent of public instruction but were advised that their only remedy was an action in the district court.

The record shows that for the residents here petitioning Three Forks is their trading center. They live on the eastern border of Jefferson County and several years ago had successfully formed a joint elementary school district with the Three Forks district. This and the fact that the high school district to which they belong was about to bond to build a new high school at Whitehall, prompted their petition to form a joint high school

district.

The trial court noted in its findings of fact that both the county superintendent in his findings, and the board of county commissioners in its review of the findings of the superintendent, took into consideration the number of students from Jefferson County attending the elementary school and the high school at Three Forks; the distances and the time necessary for these students to travel by bus to either the Three Forks or Whitehall schools; that tuition was paid for all students living in Jefferson County and attending the Three Forks high school; the tax problems of both schools, as well as the tax structure of both counties; the payments of equalization funds and ANB funds; the interests of the residents, as well as the interests of the students involved; and, found no abuse of discretion on the part of the county superintendent or the board of county commissioners.

First, we note here that while it is not an issue, the trial court allowed for the substitution of George D. Ballard, Jr. as plaintiff. Ballard is a taxpayer in Jefferson County and is a real party in interest and the substitution was proper.

The controlling statute here is section 75-6526(5), R.C.M. 1947, pertaining to organization of joint high school districts and provides:

> "(5) * * * The board of county commissioners
> shall conduct a hearing for the appeal, and
> their decision shall be final * * *."

Appellant alleges that in at least three cases, this Court has recognized the right to appeal a board of commissioners' decision where there has been an abuse of discretion. He alleges an abuse of discretion in the Jefferson board of county commissioners' denial of the petition of the residents of Jefferson County in school district No. 24. Grant v. Michaels, 94 Mont. 452, 23

P.2d 266; Read v. Stephens, 121 Mont. 508, 193 P.2d 626; Barnard v. McInerney, 162 Mont. 309, 511 P.2d 330, 334, 30 St. Rep. 656.

In only one of the three cases relied on by appellant did the Court find an abuse of discretion by the board of commissioners. In Grant abuse was patent. In comparing the cases we note:

| Grant | This Case |
| --- | --- |
| Area involved was 1/2 of a County. | Very small portion of Jefferson County. |
| 300 qualified electors. | 10 qualified electors. |
| 212 students involved. | 3 or 4 involved. |
| An area of obvious lack of school facilities. | Whitehall High School almost same time away on Interstate four lane highway. Willow Creek high school closer than either Three Forks or Whitehall. Transportation furnished by elementary district. |
| Commissioners acted 2 against and 1 for. | Commissioners unanimous against. |
| 1 commissioner a board member of opposing district | No such conflict of interest here. |
| Board found no contradiction to petition. | Commissioners and superintendent here considered inter alia number of students, distance, time of travel, tuition payments, equalization and ANB payments, related tax impact, interests of residents and students involved and matters contained in exhibits. |
| Evidence was clear and undisputed that people needed facilities of a new district. | |
| Obvious prejudice displayed in record. | No bias by county superintendent or county commissioners. |

Having given weight to such factors in considering whether or not to make the transfer we find as did the trial judge, no abuse of discretion on the part of the county commissioners nor the county superintendent of schools.

Appellant's petition here is similar to that in Barnard where this Court found no abuse of discretion by the Valley County authorities.

The judgment is affirmed.

_____
Justice

- 4 -

We concur:

_____
Chief Justice

_____

_____

_____
Justices