No. 14765

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

JACK GUNDERSON,

Plaintiff and Appellant,

-vs-

THE BOARD OF COUNTY COMMISSIONERS OF
CASCADE COUNTY,

Defendants and Respondents.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Channing J. Hartelius, Great Falls, Montana

For Respondents:

J. Fred Bourdeau, County Attorney, Great Falls, Montana

---

Submitted on briefs: August 15, 1979

Decided: SEP 10 1979

Filed: SEP 10 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiff Jack Gunderson appeals from an order dismissing his amended complaint for failure to state a claim upon which relief could be granted. Rule 12(b)(6), Mont.R.Civ.P. The order was entered by the District Court, Eighth Judicial District, Cascade County, in favor of the Board of County Commissioners of Cascade County, defendants.

Gunderson's account of the facts is accurate and is substantially as follows.

Gunderson is a taxpayer and a resident of School District 74 in Cascade County. He and a majority of the residents of his territory petitioned to become a part of School District 30 in Teton County.

A hearing before the County Superintendents of Cascade and Teton Counties was held as required by section 20-6-213, MCA. Evidence was produced at that hearing and duly recorded by a court reporter. Subsequently, the Superintendent of Teton County approved the transfer, and the Superintendent of Cascade County rejected it.

An appeal to the Board of Commissioners of Teton and Cascade Counties was perfected pursuant to section 20-6-213, MCA. A joint hearing was held before the two Boards. The Teton County Commissioners approved the transfer, while the Cascade County Commissioners rejected it.

Gunderson then filed a complaint against the Board of Commissioners of Cascade County. Subsequently, an amended complaint alleging an abuse of discretion by the Board of County Commissioners was filed.

The Board of County Commissioners filed a motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted. Rule 12(b)(6), Mont. R.Civ.P. The District Court granted the motion and dismissed the amended complaint.

-2-

This appeal followed.

Gunderson raises two issues upon this appeal.

1. Was it error to dismiss the complaint when there is an allegation of abuse of discretion?

2. Did the District Court err in holding the phrase "in the best interests of the residents of the territory" in section 20-6-213(4), MCA, superfluous?

Having examined both the District Court record and the briefs of the parties, we are compelled to hold in favor of the Board of County Commissioners of Cascade County on both issues.

Gunderson asserts the amended complaint states a cause of action for abuse of discretion by the Board of Commissioners. We cannot agree with this contention.

As Gunderson points out, the heart of his amended complaint is paragraph 6. In that paragraph, Gunderson first alleges the Board of Commissioners abused its discretion by failing to meet jointly with the Teton County Board of Commissioners, as required by section 20-6-213, MCA.

As a matter of law, we must take this first allegation as true for purposes of the motion to dismiss. Potter v. Miller (1965), 145 Mont. 197, 198, 399 P.2d 994, 995. However, the amended complaint also alleges each Board of County Commissioners was unanimous in its decision, though their decisions were contrary, and no facts are alleged that any other mode of decision would have produced a different result. In the absence of such a statutory provision, Gunderson has alleged no injury from the procedure followed, and one who is not injured will not be heard to complain. State v. Lensman (1939), 108 Mont. 118, 129, 88 P.2d 63, 68.

Gunderson further alleges in paragraph 6 of his amended complaint that the Board of Commissioners abused its discretion

-3-

by (1) failing to consider the best interests of the residents of the territory to be withdrawn, (2) solely basing their decision on the financial considerations of the territory to remain, and (3) disregarding all other evidence as to advisability and best interest presented at the hearing.

All three allegations appear to be inferences made by Gunderson because the three matters were not addressed in the Board's written decision.

Section 20-6-213, MCA, does not contain any explicit legislative direction as to what matters the Board of Commissioners is to consider in reaching its decision. The statute vests great discretion in the county officials, and so long as the transfer power is exercised within the limits of section 20-6-213, MCA, that exercise is not subject to interference by the courts. Sorenson v. Bd. of Cty. Com'rs. of Teton Cty. (1978), _____ Mont. _____, 577 P.2d 394, 396, 35 St.Rep. 436, 439.

Pursuant to section 20-6-213(4), MCA, the transfer petition here could be granted only if the requested transfer is deemed both advisable and in the best interests of the residents of the territory in question. One factor pertaining to advisability is the financial condition of the remaining territory. Potter v. Miller, supra. Having determined the proposed transfer was financially inadvisable, the Board of Commissioners was required by the express language of the statute to deny the transfer petition. They properly did so.

The case law Gunderson cites in support of his contention is not convincing. See generally, Ballard v. Gregory (1975), 166 Mont. 110, 530 P.2d 1163; Read v. Stephens (1948), 121 Mont. 508, 193 P.2d 626; Grant v. Michaels (1933), 94 Mont. 452, 23 P.2d 266. Certainly, the Board of County Commissioners

would be acting arbitrarily if it disregarded all evidence of matters which by the terms of the statute it should consider. However, such is not the case here.

Gunderson next contends the District Court erred in holding the phrase "in the best interests of the residents of the territory" in section 20-6-213(4), MCA, superfluous.

We need look no further than the District Court's opinion itself to decide this issue. In that opinion, the District Court said:

> "Having determined that the transfer was inadvisable, it was the duty of the Defendants to act otherwise than to grant the petition i.e. deny it. That there may have been persuasive and competent evidence that the transfer was in the best interests of the residents of the territory to be transferred is, as the law is written, superfluous."

The District Court did not rewrite the statute. Section 20-6-213(4), MCA, requires the proposed transfer be both advisable and in the best interests of the residents of the territory. Any evidence of the best interests of the residents would, indeed, be superfluous since the transfer was deemed inadvisable.

The District Court properly granted the motion to dismiss for failure to state a claim upon which relief could be granted. Rule 12(b)(6), Mont.R.Civ.P. Furthermore, the District Court did not hold the phrase "in the best interests of the residents of the territory" in section 20-6-213(4), MCA, is superfluous. It merely declared that any evidence of the best interests of the residents would be superfluous in this case.

The District Court's decision is affirmed.

_____John L. Sherry_____
                    Justice

-5-

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_
Justices