**TOWNSHIP OF OTTERTAIL, et al.,
Petitioners, Appellants,**

v.

**PERHAM HOSPITAL DISTRICT, et
al., Respondents.**

No. C9-88-2380.

Court of Appeals of Minnesota.

April 11, 1989.

Charles A. Krekelberg, Williams, Nitz, Krekelberg & Stringer, Pelican Rapids, for appellants.

Dennis W. Happel, Happel Law Office, Perham, for respondents.

Heard, considered and decided by FORSBERG, P.J., and PARKER and SHORT, JJ.

## OPINION

SHORT, Judge.

On appeal from the Perham Hospital District Board's (Board) denial of the Township of Ottertail's (Township) petition to detach from the Perham Hospital District (Hospital District), the Township argues (1) that the criteria the Board used in deciding its petition were arbitrary and capricious and (2) the Board was arbitrary and capricious in its application of the criteria in deciding its petition to detach. We disagree and affirm the Board's decision.

## FACTS

The Township of Ottertail was one of ten townships and three cities that formed the Perham Hospital District in May, 1975 pursuant to Minn.Stat. §§ 447.31–447.37 (1988). In July, 1987 the Township petitioned to withdraw from the Hospital District. A hearing was held before the Hospital District's Board, where both parties presented testimony and documentary evidence. The Board denied the Township's petition. Upon appeal of the Board's decision, the trial court denied the Township's application for writ of mandamus and affirmed the Board's decision. The trial court also denied the Township's post-trial motions. The Township seeks review of the trial court's orders denying its petition for mandamus and its post-trial motions.

## ISSUES

I. Did the Hospital District Board use criteria that were arbitrary and capricious?

II. Did the Hospital District Board apply the criteria in an arbitrary and capricious manner?

## ANALYSIS

■ There is no standard of review set forth in Minn.Stat. §§ 447.31–447.38. However, Minn.Stat. § 447.31, subd. 6 provides that a hospital district created pursuant to that statute is a municipal corporation. Thus, we look to the law relating to the standard of review of municipal corporations, and decide if the Board:

was within its jurisdiction, was not mistaken as to the applicable law, and did not act arbitrarily, oppressively, or unreasonably, * * * and to determine whether the evidence could reasonably support or justify the determination.

*City of New Brighton v. Metropolitan Council,* 306 Minn. 425, 430, 237 N.W.2d 620, 624 (1975) (quoting *Merriam Park Community Council, Inc. v. McDonough,* 297 Minn. 285, 290, 210 N.W.2d 416, 419 (1973)). On appeal, we do not accord any special deference to the trial court's review of the Board's decision. *Honn v. City of Coon Rapids,* 313 N.W.2d 409, 415 (Minn. 1981); *Northwest Residence, Inc. v. City of Brooklyn Center,* 352 N.W.2d 764, 767–68 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 4, 1985).

## I.

*The criteria are reasonable.*

■ A township may withdraw from a hospital district by the same procedure as is provided for the dissolution of the district. Minn.Stat. § 447.38, subd. 2 (1988). That procedure is as follows:

If the board determines that the conditions for the creation of the district no longer exist, that all indebtedness of the district has been paid, and that all property of the district except funds has been disposed of, it may make an order dissolving the district * * *.

Minn.Stat. § 447.38, subd. 1. Because the legislature failed to set forth express procedures to guide the Board's determination of a petition for detachment, a hospital district board has much discretion in developing reasonable procedures to guide it in deciding a petition to detach. *See* Op.Atty. Gen. 1001–K (May 11, 1978). Absent any statutory criteria, the hospital board should develop its own "reasonable criteria." *Id.* These criteria should have in mind "not only the interests which the petitioning governmental unit has in having its territory detached from the hospital district, but also the interests of the hospital district as a whole in providing the hospital and nursing home facilities deemed necessary and expedient." *Id.*

■ Appellant argues that the criteria the Board used were arbitrary and capricious. The Board set out the criteria it used in deciding the Township's petition in its Findings and Decision:

1. What benefit or harm will there be to Ottertail Township or the hospital district if the petition is granted?
2. What facts have been presented to show the uniqueness of Ottertail Township in comparison to the other governmental units comprising the district?
3. Has there been a substantial change in circumstances from the time of formation to the present?
   and
4. How much validity is there to the reasons given for detachment?

Contrary to the Township's assertion, these criteria are consistent with the purpose of the Hospital District, which is "to acquire, improve, and run hospital and nursing home facilities * * *." *See* Minn.Stat. § 447.31, subd. 3. *See also* Op.Atty.Gen. 1001–K (May 11, 1978).

The first criterion, which looks at the benefit or harm the parties will suffer, is directed at the purpose of the statute creating hospital districts. If granting the Township's petition to withdraw would be detrimental to the continuing existence of the Hospital District, that harm would be a vital consideration for the Board in making its decision. In a similar vein, Hospital District taxes that were unduly burdensome to the residents of Ottertail would be a harm the Board should consider. The "benefit or harm" criterion is thus reasonable and is not arbitrary and capricious.

The second criterion, which compares the uniqueness of Ottertail Township to the other townships and cities, also is consistent with the statutory purpose. The special character of the Township, such as whether it derives less benefit from the Hospital District than do other townships and cities, would be important in evaluating the Township's petition. For instance, if the Township benefited significantly less than other governmental units within the Hospital District, the Township's desire to withdraw would have merit. The "uniqueness" criterion therefore, is reasonable and is not arbitrary and capricious.

The third criterion is whether the Township has undergone a change in circumstances since the Hospital District's creation. This criterion also appears to be consistent with the purpose of the statute. The Township agreed to become part of the Hospital District to facilitate the provision of a hospital and nursing home care to the Township and other nearby cities. Changes in this need would be an important factor for the Board to consider in deciding the Township's petition to detach. Thus, this criterion also seems reasonable and is not arbitrary and capricious.

The final criterion for evaluating the Township's petition to withdraw, although

not directly related to the purpose of the statute, goes to assessing the probative value of the Township's reasons and the credibility of the evidence. This criterion is also consistent with the Board's duty to determine the Township's petition, and accordingly, is not arbitrary and capricious.

In sum, the criteria set out by the Board appear to be reasonable and are not arbitrary and capricious.

## II.

### *Application of the criteria was not arbitrary and capricious.*

■ The Township contends that even if the Board's criteria were procedurally and substantively proper, the Board was arbitrary and capricious in denying its petition to withdraw. The Township's petition stated the following reasons for being allowed to withdraw:

1. The District improperly failed to call for bids in purchasing a new computer system in violation of bidding laws;

2. The District improperly obtained certain medicare payments;

3. The people of the Township of Ottertail wished to withdraw;

4. The tax levy is higher than it was originally represented to be;

5. The tax levy is unnecessary and due to imprudent management decisions; and

6. The Township is serviced by other hospitals.

The Board acted neither arbitrarily nor capriciously in applying the Board's "benefit and harm" criteria to the Township's reasons for withdrawal. Appellant's primary contention is that it is being harmed by a high tax levy. The evidence illustrated, however, that the constituents of the Township are mistaken as to how much a given tax levy actually costs a taxpayer. In almost all cases where a homestead tax credit or agricultural tax credit is involved, the state pays a large percentage of the citizen's tax. The Township was thus complaining about the gross amount levied against the property and not the actual, net amount. In addition, the Township obviously benefited from belonging to the Hospital District, for the District served people with Ottertail addresses 343 times in only an eight month period in 1987. *Cf. Sorenson v. Board of County Commissioners*, 176 Mont. 232, 577 P.2d 394, 396 (1978). These services included emergency room service, same day surgeries, short hospital stays, laboratory tests, x-rays, and physical therapy treatments. Moreover, the benefits of keeping the Hospital District unified include 1) a broader financial base, 2) a viable economic factor in the community, and 3) the proximity of the District for most of the Township's citizens. Thus, the Board correctly applied the benefit and harm criterion.

In applying the "uniqueness" criterion to appellant's reasons for withdrawal, the Board found that there was no evidence that the Township was in a unique situation compared to other governmental units making up the Hospital District. The Township presented no evidence indicating it was in a special situation, nor that the distance the Township's citizens had to travel to Perham Hospital presented a problem. Moreover, no evidence was presented as to any displeasure with the services of the hospital. The Board's conclusion on the uniqueness criterion is reasonable in light of the evidence.

With regard to the "change in circumstances" criterion, the Township's citizens presented evidence that some of the citizens would prefer to use hospitals in other districts rather than the Perham Hospital. The Board found, however, that although the Township's citizens might rather go to another hospital, the Perham Hospital was heavily used by those citizens. *Id.* 577 P.2d at 397. The Board further found that there is little evidence of a change in the need for a medical facility in Perham. The Board's finding seems reasonable, and its decision is not arbitrary and capricious.

Finally, the Township argues that the six reasons stated in their petition for granting the petition are sufficiently valid that the Board's failure to grant the petition was arbitrary and capricious. The Township

first lists as a reason for withdrawing the failure of the District to follow proper bidding procedures when purchasing a new computer system. The Board found that the Hospital District's computer committee made extensive inquiries as to available computer services in their area; that it made on-site studies; and that it made comprehensive evaluations of price, performance and service records of companies. In addition, there was no evidence that the Hospital District paid too much for the computer. The Board held that even if the Committee violated bidding laws in purchasing the computer system, there is no evidence of bad faith in the selection of the computer, and is not an adequate reason for the Township to withdraw.

Next, the Township lists as a reason to withdraw the fact that the Hospital District improperly obtained certain medicare payments. The Board found that because this misallocation of expenses was resolved with no action by federal authorities and did not affect the Township differently than it affected any other governmental unit in the Hospital District, it was not a reason to grant the Township's petition.

The Township's third reason is that the constituents want to withdraw from the Hospital District. The Board found the Township's citizens wish to withdraw mainly because they dislike the amount of the taxes they have to pay for the Hospital District. The Board held that although this reason might be a motivation for bringing the petition, it is not a reason to grant it.

The Township next argues that when it agreed to become part of the Hospital District it was assured that the tax levy would not be higher than three mills per year. Although the Board found that there was some evidence that one or two individuals did claim that the levy would be under three mills per year, these individuals were never authorized to make such a representation. Because this evidence was not by way of resolution, letter, formal motion or any other action by the Board, the Board held that the alleged representation was not a sufficient reason to grant the Township's petition.

The fifth reason presented by the Township is that hospital management has been imprudent. The Board found, however, that "management had done an exceptional job in keeping the facility open during change in administration, medical personnel, medical reimbursement, and inflation of health care costs." The Board held that this reason was not sufficient to grant the Township's petition.

Finally, the Township argues that its citizens are serviced by other hospitals. The Board found that in fact the Township is serviced by fewer facilities than when the Perham Hospital District was formed. Because the Township presented no evidence as to how usage has changed, the Board found that this was not a valid reason for detachment.

In sum, the Board correctly applied the criteria to the Township's petition to detach. Therefore, we find that the Board's determination was not arbitrary and capricious.

### DECISION

The Perham Hospital District Board was not arbitrary or capricious either in the criteria it chose to determine the Township of Ottertail's petition or in the application of the criteria to the Township's petition.

AFFIRMED.